# EXHIBIT 1

# Vinson&Elkins

Olivia Landry  olandry@velaw.com
Tel +1.713.758.2073  Fax +1.713.615.5140

September 12, 2023

Department of the Navy
Headquarters United States Marine Corps
Attn: FOIA/PA Section (ARSF) Rm 2B289
3000 Marine Corps Pentagon
Washington DC 20350-3000

Re:   Freedom of Information Act Request

Dear Sir or Madam:

I write on behalf of Captain Steven J. Arango, an active-duty Marine Judge Advocate in the United States Marine Corps ("USMC"), who is currently stationed at Marine Corps Base Quantico. Vinson & Elkins LLP represents Captain Arango and is submitting this request to obtain certain documentation pursuant to the Freedom of Information Act, 5 U.S.C. § 552, on his behalf.

As Captain Arango's counsel, I request copies of the following documents be provided to me:

1. all investigative reports, preliminary notes, interview notes, interview reports, transcripts, testimonies, memorandums, meeting minutes, endorsements, recommendations, legal sufficiency reviews, analysis, disposition decisions, communications or correspondence, including emails, letters, and notices, and documents related to the Preliminary Inquiry ("PI") conducted pursuant to a PAC Complaint (002023000064) filed by Captain Steven J. Arango at Marine Base Quantico on or around May 22, 2022;

2. all investigative reports, preliminary notes, interview notes, interview reports, transcripts, testimonies, memorandums, meeting minutes, endorsements, recommendations, legal sufficiency reviews, analysis, disposition decisions, communications or correspondence, including emails, letters, and notices, and documents related to the Command Investigation ("CI") conducted pursuant to a PAC Complaint (002023000064) filed by Captain Steven J. Arango at Marine Base Quantico on or around May 22, 2022; and

3. all investigative reports, preliminary notes, interview notes, interview reports, transcripts, testimonies, memorandums, meeting minutes, endorsements, recommendations, legal sufficiency reviews, analysis, disposition decisions, communications or correspondence, including emails, letters, and notices, and documents related to any investigations conducted in response to complaints filed against Isabelle Pauley, LtCol Christian Hur, and LtCol Todd Eslinger.

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Dallas  Dubai  Houston  London  Los Angeles
New York  Richmond  San Francisco  Tokyo  Washington

845 Texas Avenue, Suite 4700
Houston, TX 77002
Tel +1.713.758.2222  Fax +1.713.758.2346  velaw.com

V&E

Department of the Navy  September 12, 2023  Page 2

Pursuant to 5 U.S.C. § 552 (b), I ask that all exempt materials be redacted and segregated so that non-exempt materials are produced even if they include redactions.

A Glomar denial with respect to the first two requests above would be improper because the Department of the Navy, Headquarters USMC, has already officially acknowledged the fact of the existence of the PI and the CI conducted in response to Captain Arango's PAC Complaint (002023000064). It is well established that a Glomar response is waived by an agency when the information requested has been previously made public through an official acknowledgement by that agency. *James Madison Project v. Cent. Intel. Agency*, 344 F. Supp. 3d 380, 390 (D.D.C. 2018). "In Glomar cases, a plaintiff need not show that the contents of the requested records have been disclosed; rather, consistent with the nature of the exemption being invoked, the plaintiff must establish that the agency has previously acknowledged the fact of the 'existence' of responsive records." *Id.* (citation omitted). "A FOIA response is an 'official' communication by an agency, made by personnel authorized to make sure disclosure," *Memphis Pub. Co. v. F.B.I.*, 879 F. Supp. 2d 1, 11 (D.D.C. 2012), and "the disclosure of information in response to a FOIA request is a 'public disclosure.'" *U.S. ex rel Mistick PBT v. Hous. Auth. of City of Pittsburgh*, 186 F.3d 376, 383 (3d Cir. 1999). The official acknowledgement doctrine is not rendered inapplicable when information is revealed inadvertently. *Chesapeake Bay Found., Inc. v. U.S. Army Corps of Eng'rs*, 722 F. Supp. 2d 66, 72 n.3 (D.D.C. 2010); *Memphis Pub. Co.*, 879 F. Supp. 2d at 12.

On June 30, 2023, the Department of Navy, Headquarters USMC, produced various documents in response to a FOIA request submitted by Captain Arango (DON-USMC-2023-009512) that confirm the completion, and in turn the existence, of both the PI and the CI referenced above. One such document is the Prohibited Activities and Conduct Complaint Form. This document contains the PAC Complaint number referenced above (002023000064), which is commonly referred to as a Dash Report Number. This document also provides an "explanation of [the] actions taken or attempted to resolve the complaint." According to this document, "[a] PI was conducted on 15 July 2022," and "a CI was conducted and completed." Thus, a Glomar denial is improper under the circumstances and I ask that all exempt materials responsive to the requests above be produced, even if the materials include redactions.

Although I am prepared to pay fees for this request up to a maximum of $1,000.00, I ask that such fees be waived, or at least reduced, pursuant to 5 U.S.C. § 552 (a)(4)(iii) because disclosure of the requested information is in the public interest, such that it is likely to contribute significantly to the public understanding of the operations and activities of the USMC. Specifically, disclosure is likely to contribute to the public understanding of how the USMC handles complaints alleging violations of MCO 5354.1F, which is commonly referred to as the Prohibited Activities & Conduct order ("PAC order"). Disclosure is also likely to contribute to the public understanding of how the USMC conducts investigations into PAC

V&E

Department of the Navy  September 12, 2023  Page 3

order violations, and whether the investigatory process in connection with PAC order violations is comprehensive.

If the foregoing request for wavier or reduction of fees is denied, and fees are estimated to exceed $1,000.00, please notify me.

If you have any questions pertaining to any aspect of this request, please contact me by telephone (713-758-2073) or email (olandry@velaw.com).

Thank you for your consideration of this request.

Sincerely,

*Olivia Landry*

Olivia Landry

cc: Ephraim Wernick (Firm)
    Andreina Escobar (Firm)

V&E

## AUTHORIZATION

Vinson & Elkins LLP represents Captain Steven J. Arango and is submitting this request to obtain the documents listed above on his behalf. Captain Arango hereby authorizes Olivia Landry, as well as Ephraim Wernick and Andreina Escobar, as his attorneys-in-fact in this matter.

Date: 12 September 2023

Signature: _____

Printed Name: Steven Joseph Arango

cc:   Captain Steven J. Arango