UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN J. ARANGO,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE NAVY,<br>HEADQUARTERS UNITED STATES<br>MARINE CORPS,<br><br>        Defendant. | Civil Action No. 23-3409 (DLF) |

## ANSWER

Defendant, the United States Marine Corps[1], through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1, "Complaint") filed against Defendant by Plaintiff, Captain Steven J. Arango ("Plaintiff"). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

## FIRST DEFENSE

The Complaint should be dismissed in whole, or in part, for failure to state a claim upon which relief can be granted.

---

[1] Throughout this answer, the government will refer to the Defendant United States Marine Corps, as the records at issue pertain to that Agency.

## SECOND DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exemptions to the FOIA.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by the FOIA.

## FOURTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

\* \* \*

## RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT[2]

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

1.  Paragraph 1 contains characterizations of Plaintiff's Complaint and Plaintiff's requested relief under FOIA, to which no responses are required. To the extent a response is

---

[2] For ease of reference only, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

deemed required, Defendant admits that Plaintiff made the FOIA requests at issue in this case and otherwise deny the allegations in Paragraph 1.

2. Paragraph 2 contains characterizations of Plaintiff's Complaint and Plaintiff's requested relief under FOIA, to which no responses are required. To the extent a response is deemed required, Defendant admits that Plaintiff made the FOIA requests at issue in this case and otherwise deny the allegations in Paragraph 2.

## PARTIES

3. Defendant admits paragraph 3.

4. Defendant admits paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 contains Plaintiff's allegations concerning jurisdiction, which consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction subject to the terms and limitations of the FOIA.

6. Paragraph 6 contains Plaintiff's allegations concerning venue, which consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that venue lies in this district for a proper claim under 5 U.S.C. § 552.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

7. The allegations in Paragraph 7 purport to characterize the FOIA, 5 U.S.C. § 552. Defendant respectfully refers the Court to that statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8. The allegations in Paragraph 8 purport to characterize 5 U.S.C. § 552(a)(6)(A)(i). Defendant respectfully refers the Court to that statutory provision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

9. The allegations in Paragraph 9 purport to characterize 5 U.S.C. § 552 (a)(6)(B). Defendant respectfully refers the Court to that statutory provision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10. The allegations in Paragraph 10 purport to characterize 5 U.S.C. § 552(a)(4)(B). Defendant respectfully refers the Court to that statutory provision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

**FACTS UNDERLYING PLAINTIFF'S CLAIM FOR RELIEF**

11. The allegations in Paragraph 11 purport to characterize Marine Corps Order ("MCO") 5354.1F (the "PAC Order"). Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12. The allegations in Paragraph 12 purport to characterize the PAC Order. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13. Defendant admits that Plaintiff (through counsel) submitted the FOIA request, (the "Request") dated September 12, 2023, and attached to Plaintiff's Complaint as Exhibit 1 (ECF No. 1, 11-14). To the extent that the allegations in Paragraph 13 purport to characterize the contents of the cited document, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

14. Defendant admits that Plaintiff requested a fee waiver. The allegations in the second, third, and forth sentences of Paragraph 14 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in the second, third, and forth sentences of Paragraph 14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 14.

15. The allegations in Paragraph 15 purport to characterize Plaintiff's FOIA request. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

16. The allegations in Paragraph 16 purport to characterize Plaintiff's FOIA request. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant admits the allegations in Paragraph 18.

19. Paragraph 19 contains Plaintiff's characterization of alleged background information, and no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 19, and specifically denies that Ms. Sally Hughes supervises Ms. Maria Gonzalez.

20. The allegations in Paragraph 20 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff has constructively exhausted his administrative remedies.

### PLAINTIFF'S CLAIM FOR RELIEF

### CLAIM ONE

### (Failure to Produce Records under the FOIA)

22.     Defendant incorporates by reference its responses to Paragraphs 1 through 21, above.

23.     The allegations in Paragraph 23 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 23.

24.     Defendant denies that Plaintiff is entitled to the production of the requested records. The allegations in the remainder of Paragraph 24 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant admits the allegations in the remainder of Paragraph 24.

25.     The allegations in Paragraph 25 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies that any withholding was wrongful but admits the remainder of the allegations in Paragraph 25.

26.     Paragraph 26 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies them.

\* \* \*

The remainder of Plaintiff's Complaint contains Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

Dated: January 23, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:     /s/
PATRICIA K. MCBRIDE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-7123

*Attorneys for the United States of America*